UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PAUL SIMONDS, | CASE NO. C07-741-MJP-MAT |
| Plaintiff, | |
| v. | |
| SOCIAL SECURITY ADMINISTRATION, et al., | REPORT AND RECOMMENDATION |
| Defendants. | |

Plaintiff Paul Simonds, appearing *pro se*, recently filed an application to proceed *in forma pauperis* (IFP) and a proposed civil rights complaint against the Social Security Administration, an unnamed security guard, an unnamed interviewer, and an unidentified number of unnamed officers. (Dkt. 1.) The complaint is unintelligible, containing an indecipherable flurry of references to a host of federal statutes, local rules, and Federal Rules of Civil Procedure, followed by several photocopies of various such rules and statutory provisions. The complaint provides no comprehensible information regarding plaintiff's claims. Nor does it provide a request for relief, apart from an unclear reference to "a Rule-8-F; 28-1346-B; against ALL DEFENDANTS." (*Id.*)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court may deny an application to proceed IFP and should dismiss a complaint if it is frivolous or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir.

REPORT & RECOMMENDATION
PAGE - 1

1990). An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Here, plaintiff fails to allege sufficient facts to place defendants on notice of the nature of his claims or otherwise provide any basis for jurisdiction in this Court. *See* Fed. R. Civ. P. 8(a). Because this action appears frivolous and fails to state a claim upon which relief can be granted, it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(b)(6).

Plaintiff has submitted a number of similar proposed complaints to this Court.[1] The Court once again advises plaintiff of his responsibility to research the facts and law before filing a complaint in order to determine whether his claim for relief is frivolous. If plaintiff files a frivolous action, he may be sanctioned. *See* Fed. R. Civ. P. 11. The Court would likely impose a sanction of dismissal on any frivolous complaint. If plaintiff files numerous frivolous or malicious complaints, the Court may bar him from proceeding in this Court. *See DeLong v. Hennessey*, 912 F.2d 1144, 1146-48 (9th Cir. 1990) (discussing bar order requirements).

Because of the deficiencies in plaintiff's proposed complaint, his request to proceed IFP should be DENIED and this case DISMISSED without prejudice. 28 U.S.C. § 1915(e)(2)(B). A proposed order of dismissal accompanies this Report and Recommendation.

DATED this 6th day of June, 2007.

    /s/Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge

---

[1] Plaintiff is a prolific litigator who has filed several similar lawsuits in the past two years against various judges, attorneys, and other officers in this district. *See, e.g.*, *Simonds v. Canby* (II), C07-536-MJP (W.D. Wash. 2007); *Simonds v. Martinez*, C07-523-TSZ (W.D. Wash. 2007); *Simonds v. Donohue*, C06-1588-JLR (W.D. Wash. 2006); *Simonds v. Zilly*, C06-1385-RSL (W.D. Wash. 2006); *Simonds v. Fox* (II), C06-1384-RSM (W.D. Wash. 2006); *Simonds v. Fox* (I), C04-2473-JCC (W.D. Wash. 2005); *Simonds v. Canby* (I), C05-1887-JCC (W.D. Wash. 2005).

REPORT & RECOMMENDATION
PAGE - 2